# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| ANTONIO PENA,<br>    Plaintiff,<br><br>v.<br><br>DOC,<br>    Defendant. | CASE NO. 3:16-cv-1813 (SRU) |

## INITIAL REVIEW ORDER

Plaintiff Antonio Pena, currently incarcerated at Carl Robinson Correctional Institution in Enfield, Connecticut, filed this case *pro se* under 42 U.S.C. § 1983 alleging that he was assaulted by another inmate. Pena only names the Department of Correction as defendant. The complaint was signed by Pena on September 2, 2016, but was not received by the court until November 3, 2016. Pena's motion to proceed *in forma pauperis* was granted on November 7, 2016.

Under section 1915A of Title 28 of the United States Code, I must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id.* Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a plausible right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief

that is plausible on its face." *Twombly*, 550 U.S. at 570. Nevertheless, it is well-established that "[*p*]*ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

I. Allegations

In April, Pena's roommate struck him in the face with a lock and continued to hit him in the face. He was taken to the University of Connecticut Health Center for treatment. Upon his return, a nurse told him that he has nerve damage in his face.

II. Analysis

This complaint is a second duplicate of a complaint filed by Pena and received by the court on November 2, 2016. The only different between the two is that the prior case included an exhibit, papers purportedly submitting this same claim to the Connecticut Claims Commission. *See Pena v. DOC*, No. 3:16-cv-1809 (SRU), ECF No. 1-1.

The Second Circuit notes that, under the prior pending action doctrine, "[w]here there are two competing lawsuits, the first should have priority, absent the showing of balance of convenience . . . or special circumstances . . . giving priority to the second." *Adam v. Jacobs*, 950 F.2d 89, 92 (2d Cir. 1991) (citation and internal quotation marks omitted). "Where two pending actions address the same legal claims and conduct, the court may dismiss the second action as long as the controlling issues in the dismissed action will be determined in the other lawsuit." *Edwards v. North American Power and Gas, LLC*, 2016 WL 3093356, at *3 (D. Conn. June 1, 2016) (citations and internal quotation marks omitted).

Pena's first case was received by the court one day before this case. The statements of claim in the two complaints are identical. The only difference is the inclusion of an exhibit in the first case. All issues in this case will be resolved in the earlier case. Accordingly, this case is dismissed under the prior pending action doctrine.

III.	Conclusion

The complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk is directed to enter judgment and close this case.

**SO ORDERED** this 21st day of November 2016 at Bridgeport, Connecticut.

 /s/STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge